Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that there is no error in so much of said decree as declared that the assignments of the obligations therein described upon Nehemiah Smith and George Gillaspie, and the conveyance, if one exist, from John Greer to Samuel Greer, for the interest of John in his deceased father’s real estate, were fraudulent, and therefore null and void as against the appellee, a creditor of said John Greer. The Court is further of opinion, that there is no error in so much of said decree as directs the commissioner to take, state and settle an account of the personal estate of which the father of said John Greer died possessed, or which has been distributed, to ascertain what portion the said John is entitled to ¡ and how it has been disposed of. The Court is further of opinion, that the residue of said decree, giving a joint and personal decree against the said John and Samuel Greer, for the amount of the judgment at law against said John, and prescribing the mode in which said obligations should be surrendered, and directing a sale of the interest of said John in the real estate of his father, on condition said obligations were not surrendered to the satisfaction of the appellee, is erroneous. The complainant should have been required to make said George Gillaspie a party defendant ; to have matured his case against said Nehemiah Smith and Gillaspie; and if upon the hearing it appeared that the said Smith and Gillaspie were the debtors of said John Greer at the time of such fraudulent transfers, and that the appellee was still entitled to the application of said debts in the hands of the debtors, to the payment of his judgment, there should have been a decree compelling said debtors to pay into Court the amount for which they were chargeable, to be applied to said judgment and the costs of this suit; with leave to proceed against the said Samuel for any portion of said debts he may have received, or for *160 which he may by his improper acts or negligence, have rendered himself chargeable; and for the balance of said judgment and costs of this suit, after the application of the funds derived from the sources aforesaid, the interest saj¿ John in the real estate of his father should have been sold.
It is therefore decreed and ordered, that so much of said decree as is herein declared not to be erroneous, be affirmed, and that the residue of said decree be reversed, with costs to the appellants, and that the cause be remanded, with leave to the appellee to make George Gillaspie a party defendant; and to be further proceeded in according to the principles before declared, in order to a final decree. Which is ordered to be certified.